IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-00089-LTB-CBS

JOSE G. TRUJILLO,

    Plaintiff,

v.

DENVER ZOOLOGICAL FOUNDATION, INC.,

    Defendant.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss filed by Defendant, Denver Zoological Foundation, Inc., in which it seeks to dismiss Plaintiff, Jose G. Trujillo's, Second Claim for Relief for breach of contract and Fourth Claim for Relief for breach of the duty of good faith and fair dealing. Oral arguments would not materially assist in the determination of this motion. After consideration of the motion, the related pleadings and the case file, I GRANT Defendant's motion.

**I. Background**

In his Second Amended Complaint, Plaintiff alleges that he is a third party beneficiary of a Cooperative Agreement, dated November 4, 1998, between Defendant and the City and County of Denver. This agreement, which is attached and incorporated into the complaint, provides in Paragraph 5(b) as follows:

> In order to assure that the [Defendant] will achieve the proper performance of its duties and responsibilities under this Agreement, the [Defendant] may offer to employ City Employees holding top-level or critical management and administrative positions. The only City Employee positions eligible for voluntary conversion to the [Defendant's] employment are listed in Exhibit "B", a copy of which is attached hereto and incorporated herein by reference. Upon electing to accept employment with the [Defendant] an eligible City Employee shall terminate his or her employment with the City in a manner allowed under the Career Service rules and shall be retained by the [Defendant] at the level of compensation and types of benefits determined by the [Defendant].

Plaintiff held one of the City Employee positions listed on Exhibit "B."

Plaintiff alleges that he retired from the City and sought a position with Defendant pursuant to the agreement. Although all of the other employees listed on Exhibit "B" who sought positions with Defendant were hired, Plaintiff alleges that Defendant refused to hire him. Plaintiff further avers that he is a beneficiary of the agreement, and that Defendant breached the agreement when it refused to hire him. As a result, Plaintiff seeks damages for, among other things, breach of contract (his Second Claim for Relief) and breach of the duty of good faith and fair dealing (his Fourth Claim for Relief).

In its motion to dismiss, Defendant argues that Plaintiff has not alleged facts to establish that the parties to the agreement intended to provide a direct benefit to him. Defendant refers me to Paragraph 28 of the agreement which provides:

> NO THIRD-PARTY BENEFICIARIES  It is expressly understood and agreed that enforcement of the terms and conditions of this Agreement, and all rights of action relating to such enforcement, shall be strictly reserved to the City and the [Defendant], and nothing contained in this Agreement shall give or allow any such claim or right of action by any other party or third person on such Agreement. It is the express intention of the City and the [Defendant] that any person other than the parties hereto, receiving services or benefits under this Agreement, shall be deemed to be an incidental beneficiary only.

Defendant maintains that because Plaintiff cannot establish that the agreement was intended to provide a direct benefit to him – in that the express contract language establishes otherwise – Plaintiff has no standing to assert a claim for breach of the agreement. Likewise, because there is no basis for an underlying contract claim, Plaintiff has no standing to assert a claim for breach of a duty of good faith and fair dealing.

## II. Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can plead no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A claim may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6); *Morey v. Miano*, 141 F. Supp.2d 1061, 1062 (D.N.M. 2001).

In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See Conley v. Gibson*, *supra*, 355 U.S. at 45-46. A plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

For purposes of ruling on a motion to dismiss for want of standing, this court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003)(*quoting Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

### III. Analysis

In his response to the motion, Plaintiff first asserts that he has adequately alleged in the complaint that he is a third-party beneficiary of the agreement in order to withstand dismissal under Rule 12(b)(6). He argues that his contract-based claims in his complaint give adequate notice of the transaction relied upon and establishes, for the purpose of this motion, that he had standing to bring such claims. *See* Fed. R. Civ. P. 8(a)(a complaint need only set forth "a short and plan statement of the claim showing that the pleader is entitled to relief).

Plaintiff also relies upon *E.B. Roberts Const. Co. v. Concrete Contractors, Inc.*, 704 P.2d 859, 864 (Colo. 1985), for the proposition that circumstances surrounding execution or performance of a contract are sufficient, standing alone, to establish the existence of an intended beneficiary. Although he asserts that he was not required to describe these circumstances in his complaint, Plaintiff provided "further factual allegations" in the form of a job offer letter from Defendant. He contends that the letter confirms that despite the language in Paragraph 28 of the agreement, Defendant intended to and did make Plaintiff a third party beneficiary thereto. *See generally Warth v. Seldin, supra*, 422 U.S. at 501-502 ("it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing").

As an initial matter, I note that to the extent Plaintiff is now asserting that the letter "establishes the existence of a contract of employment" between Defendant and himself, such claim is not set forth in his Second Amended Complaint and, thus, is not cognizable in this suit. Plaintiff's principal contention, however, is that the letter constitutes "surrounding circumstances," in conjunction with the language in Paragraph 5(b) of the contract, that demonstrate the intent of the contracting parties to benefit him as a third party. In *E.B. Roberts Const. v. Concrete Contractors, supra*, the Colorado Supreme Court determined that a person not a party to an express contract may bring an action on such contract if: "the parties to the agreement intended to benefit the non-party, provided that the benefit claimed is a direct and not merely an incidental benefit of the contract." *Id.* 704 P.2d at 865  (citations omitted); *see also Everett v. Dickinson & Co., Inc.*, 929 P.2d 10, 12 (Colo. App. 1996)("[a] third-party beneficiary may enforce a contract only if the parties to that contract intended to confer a benefit on the third party when contracting; it is not enough that some benefit incidental to the performance of the contract may accrue to the third party").

When determining the contracting parties intent, the court ruled that "[w]hile the intent to benefit the non-party need not be expressly recited in the contract, the intent must be apparent from the terms of the agreement, the surrounding circumstances, or both." *E.B. Roberts Const. v. Concrete Contractors, supra*, 704 P.2d at 865.  In a footnote, the court went on to clarify that when there is no indication in the agreement that a third person is intended by the contracting parties to benefit therefrom, "the circumstances surrounding the execution or performance of a contract can be sufficient alone, if substantial, to establish that existence of an intended

beneficiary to the contract." *Id.* at FN. 7; *see also Klein v. Morgen*, 760 F.Supp. 1403, 1407 (D. Colo. 1991); *Borwick v. Bober*, 529 P.2d 1351, 1355 (Colo. App. 1974).

Here, unlike the case in *E.B. Roberts v. Concrete Contractors,* the express unambiguous contract language in Paragraph 28 of the underlying agreement unequivocally demonstrates that while Plaintiff may have received a benefit from the contract, it was the contracting parties intention that Plaintiff was *not* an intended third party beneficiary, but instead was "deemed to be an incidental beneficiary only."  The right of a third party to sue on a contract made for his benefit requires that the right be apparent from the express provisions of the contract. *Hanley v. Continental Airlines, Inc.,* 687 F.Supp. 533, 537 (D.Colo. 1988); *see also Gallagher v. Continental Ins. Co.*, 502 F.2d 827 (10th Cir.1974); *Jett v. Phillips & Assoc.*, 439 F.2d 987 (10th Cir.1971); *Cox v. Freemont County Public Bldg. Authority*, 415 F.2d 882 (10th Cir.1969); *Fourth & Main Co. v. Joslin Dry Goods Co.*, 648 P.2d 178 (Colo. App.1982); *Cripple Creek State Bank v. Rollestone*, 70 Colo. 434, 202 P. 115 (1921).  The court in *E.B. Roberts v. Concrete Contractors* specifically indicated that its conclusion was consistent with the description of an "intended beneficiary" given in § 302 of the Restatement (Second) of Contracts (1981), which provided that "[*u*]*nless otherwise agreed between promisor and promisee*, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties . . ." *Id.* 704 P.2d at FN. 7 (emphasis added).

Therefore, because the unambiguous language of Paragraph 28, clearly forecloses Plaintiff's argument that he is an intended third party beneficiary, Plaintiff's contract-based allegations do not allege sufficient facts to support a legally cognizable claim for breach of

contract. As a result, Defendant is entitled to the dismissal of Plaintiff's Second and Fourth claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss [# 11] is GRANTED and Plaintiff's Second and Fourth Claims for Relief are DISMISSED WITH PREJUDICE.

Dated: July   19  , 2005 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE