# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 05-cv-00089-LTB

JOSÉ G. TRUJILLO,

    Plaintiff,

v.

DENVER ZOOLOGICAL FOUNDATION, INC.,

    Defendant.

---

## ORDER

---

This employment case is before me on Plaintiff, José G. Trujillo's, Motion to Remand for Lack of Subject Matter Jurisdiction [**Docket # 88**], Defendant, Denver Zoological Foundation's, Response [**Docket # 92**], and Plaintiff's Reply [**Docket # 96**].  Oral arguments would not materially assist the determination of this motion.  After consideration of the parties' papers, the pleadings, and the case file, and for the reasons stated below, I GRANT Plaintiff's motion [**Docket # 88**].

## I. BACKGROUND

Plaintiff is a former employee of the City and County of Denver ("City") who worked in that capacity as operations manager for the Denver Zoo.  Following a series of events in late 2003, Plaintiff retired from City employment and sought and was denied employment with Defendant, a not-for-profit organization that administers and manages the Denver Zoo pursuant to a cooperative agreement with the City.

Plaintiff subsequently sued Defendant in Denver County District Court for employment

discrimination, breach of contract, and promissory estoppel.  Defendant removed to this Court in January 2005 based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  On September 27, 2007, I entered summary judgment in favor of Defendant on Plaintiff's discrimination claims [**Docket # 84**].  Plaintiff's breach of contract and promissory estoppel claims are still pending.  Trial in this matter is scheduled to commence December 3, 2007.

## II.  DISCUSSION

Plaintiff moves this Court for an Order remanding this case back to the Denver County District Court.  As grounds for remand, Plaintiff notes the two claims surviving summary judgment are both based on Colorado state law.  No federal claims remain.

In federal court, the plaintiff is considered the "master of the claim."  *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003).  As such, where the plaintiff seeks to remand to state court for lack of subject matter jurisdiction, the burden is on the defendant to show federal jurisdiction by a preponderance of the evidence.  *Id*. at 1194.

Generally in a federal question case, the dismissal of all federal claims—leaving only state law claims—prevents me from reviewing the merits of the state law claims.  *McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006).  I may retain pendent jurisdiction, however, if Defendant demonstrates by a preponderance of the evidence that the interests of judicial economy, convenience, and fairness to the parties so require.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Karnes*, 335 F.3d at 1194; *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995).  The burden is high where, as here, the federal claims are dismissed before trial.  *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

2

My September 27, 2007, Order granting summary judgment in favor of Defendant on Plaintiff's discrimination claims extinguished the prior basis for federal question jurisdiction. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998). Plaintiff's remaining breach of contract and promissory estoppel claims rest on issues of Colorado law. Under the well-established doctrine of comity to the states, Colorado courts have an interest in enforcing their own laws that weighs in favor of remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988).

Although the parties to this case have engaged in extensive discovery and motions practice before this Court, the fruits of these endeavors are available to the parties at the state level. Defendant having put forth no further justification for continuing my jurisdiction in this matter, I find no compelling reason why federal jurisdiction should be retained. In the interests of judicial economy, convenience, and fairness to the litigants, the remaining issues are best determined by a Colorado state court.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [**Docket # 88**] is GRANTED, and this case shall be remanded to the District Court for the City and County of Denver.

Dated: November  6 , 2007.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge